UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CHARLES O'CAIN,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE MURRAY, et al.,<br><br>Defendants. | ) | CASE NO. C05-2124-JCC-MAT<br><br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff Charles O'Cain has filed a document entitled "Motion for Order of Protection." A review of this documents suggests that plaintiff intends to seek preliminary injunctive relief. Accordingly, this Court construes plaintiff's pending motion as a motion for preliminary injunctive relief under Fed. R. Civ. P. 65(a). Defendants have filed a response in opposition to plaintiff's motion. This Court, having reviewed plaintiff's motion, and the balance of the record, concludes that plaintiff's motion for preliminary injunctive relief should be denied.

DISCUSSION

The basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking a preliminary

injunction must fulfill one of two standards, the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Cassim v. Bowen*, 824 F.2d at 795 (citations omitted).

The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.'" *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988)). To obtain injunctive relief under either standard the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. *Id*. Rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id*. (emphasis in original).

Plaintiff alleges in his complaint that defendant Stephanie Murray, a Corrections Program Specialist at the King County Regional Justice Center ("RJC"), interfered with private phone calls between plaintiff and his attorney. Plaintiff further alleges that the King County Jail has a custom and policy of supervising all attorney calls for inmates on phone deadlock, and that deadlock inmates therefore have no private call privileges with their attorneys.[1]

---

[1] The record reflects that plaintiff was placed on phone deadlock in April 2005 for making phone calls from the jail posing as a police officer. Plaintiff remains on phone deadlock at his time

REPORT AND RECOMMENDATION
PAGE -2

01    In his motion for preliminary injunctive relief, plaintiff appears to assert that defendant Murray has been harassing him in retaliation for him filing the instant action against her. Plaintiff asserts that defendant Murray has engaged in a pattern of misconduct which include threats to take his hour of day room access away. Plaintiff cites to three specific instances of alleged misconduct which he apparently believes support his claim of retaliation. First, plaintiff asserts that following defendant Murray's ongoing threats to take away his hour of day room access, she did just that on one occasion without issuing an infraction or providing any written justification for her action. Second, plaintiff asserts that days after having his hour of day room access taken away, he was told that he was being transferred to another cell but was provided no reason other than that defendant Murray had ordered it to be done. Finally, plaintiff appears to assert that at some point after being transferred, he was reclassified to closed custody without any justification.

    Defendants, in their response to plaintiff's motion for preliminary injunctive relief, concede that defendant Murray did, on one occasion, take away plaintiff's hour of day room access. However, they assert that plaintiff lost his hour because he violated unit rules by yelling across the unit to another inmate. Defendants explain that while this behavior constitutes a rule violation, it is not treated as an infraction, and is therefore merely noted in the unit log book. Defendants also concede in their response to plaintiff's motion that plaintiff was reclassified to closed custody. However, defendants assert that this reclassification was done as a part of a normal review process after plaintiff was convicted and sentenced on a first degree kidnaping charge.

    Plaintiff's allegation that he has been subject to a pattern of harassment is not supported

---

pursuant to a court order.

REPORT AND RECOMMENDATION
PAGE -3

01  by the record. He offers two instances of alleged retaliatory conduct by defendant Murray which

02  defendants have offered explanations for. These explanations suggest that defendant Murray's

03  actions were taken to advance legitimate institutional goals. Plaintiff offers nothing to refute the

04  explanations offered by defendants in their response to plaintiff's motion for preliminary injunctive

05  relief. Defendants have not specifically addressed plaintiff's allegation that he was transferred to

06  another cell at the direction of defendant Murray for no reason, but this bare allegation does not

07  suggest that the transfer was ordered for any improper purpose or that it caused plaintiff any

08  particular harm.

09        Plaintiff has made no showing that he is likely to suffer any irreparable injury absent the

10  requested judicial intervention. Accordingly, plaintiff's motion for preliminary injunctive relief

11  should be denied.

12  <u>CONCLUSION</u>

13        For the reasons set forth above, this Court recommends that plaintiff's motion for

14  preliminary injunctive relief be denied. A proposed order accompanies this Report and

15  Recommendation.

16        DATED this <u>23rd</u> day of May, 2006.

17

18                              Mary Alice Theiler
                            United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4