UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES O'CAIN,<br><br>                Plaintiff,<br><br>    v.<br><br>STEPHANIE MURRAY, *et al.*,<br><br>                Defendants. | Case No. C05-2124-JCC-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Charles O'Cain is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He seeks damages in this action for alleged violations of his constitutional rights arising out of his pretrial detention at the King County Regional Justice Center ("RJC") in 2005. Plaintiff identifies RJC Classification Officer Stephanie Murray and King County as the defendants in this action. Defendants now move for summary judgment.

Plaintiff has been advised of the summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), but has filed no response to defendants' motion. The

REPORT AND RECOMMENDATION
PAGE - 1

Court, having reviewed the pending motion for summary judgment, and the balance of the record, concludes that defendants' motion for summary judgment should be granted and plaintiff's complaint, and this action, should be dismissed with prejudice.

## BACKGROUND

On August 13, 2004, plaintiff was charged in King County Superior Court with one count of rape in the second degree. (Dkt. 56, Ex. A.) The state filed an amended information on January 4, 2005 charging plaintiff with one count of rape in the first degree and one count of attempted rape in the first degree. (*Id*., Ex. B.)

In April 2005, corrections staff at the King County Department of Adult and Juvenile Detention ("DAJD") began investigating plaintiff's use of jail telephones to commit additional crimes including criminal impersonation, extortion, and phone harassment. (*See id*., Ex. F, Certification for Determination of Probable Cause.) On April 28, 2005, plaintiff's phone privileges at the RJC were revoked by order of the King County Superior Court. (*Id*., Ex. F, Order on Criminal Motion, 4/28/05.) The order restricted plaintiff's telephone access to one 30 minute conversation with his attorney per week, a call which was to be supervised and approved by jail classification staff. (*See id*.) Plaintiff apparently made his attorney calls from defendant Murray's office, and in her presence, on several occasions. (*See* Dkt. 55 at 2.)

On September 8, 2005, plaintiff moved in his pending criminal action to modify the previously imposed telephone restrictions. (Dkt. 56, Ex. F, Order on Criminal Motion, 9/8/05.) The King County Superior Court modified the restrictions to permit plaintiff one hour of telephone access to his attorney per week. (*Id*.) The court's order provided that plaintiff's attorney calls were to be unmonitored, though members of the corrections staff were permitted

01  to determine at the beginning and end of each call that plaintiff had contacted his attorney.
02  (Dkt. 56, Ex. F, Order on Criminal Motion, 9/8/05.)

03  In April 2006, plaintiff moved in his criminal action to remove the telephone deadlock
04  completely.  (*Id*., Order on Criminal Motion, 4/21/06.)  The King County Superior Court
05  denied the motion based on evidence that plaintiff had committed crimes while in jail.  (*Id*.)
06  the court noted in its order that it would not micromanage jail operations.  (*Id*.)  The court
07  further noted that, per the jail's concession, plaintiff would be permitted to use his thirty minute
08  weekly phone periods to have unrestricted use of the phone.  (*Id*.)

09  Plaintiff filed this action in late December 2005 while he was awaiting trial in King
10  County Superior Court.  (*See* Dkt. 1.)  In January 2007, defendants moved to stay this action
11  pending full resolution of plaintiff's criminal proceedings.  (Dkt. 36.)  Plaintiff did not oppose
12  the motion and, in March 2007, the undersigned granted the requested stay.  (Dkt. 39.)
13  Plaintiff's criminal trial commenced in February 2007.  (*See* Dkt. 56, Ex. D.)  At the time of
14  trial, the state was permitted to amend the charges again, adding a count of assault in the second
15  degree to the pending rape in the first degree and attempted rape in the first degree charges.
16  (*Id*., Exs. C and D.)

17  On the first day of trial, plaintiff filed a motion to dismiss the charges against him based
18  on governmental misconduct.  (*Id*., Ex. E.)  Among plaintiff's complaints were that his cell
19  had been searched without a warrant and his legal materials had been reviewed by jail staff, that
20  his telephone contact with his attorney was unduly limited and his calls were unlawfully
21  monitored, and that his telephone calls had been unlawfully recorded.  (*Id*.)  The trial court
22  held a hearing on plaintiff's motion to dismiss and, after taking evidence and hearing argument,

the trial court denied the motion to dismiss.  (Dkt. 56, Ex. G.)

On March 16, 2007, plaintiff was found guilty on one count of rape in the second degree and he was sentenced on May 7, 2007 to a minimum term of 280 months confinement.  (*Id*., Ex. H.)  Plaintiff appealed his judgment and sentence to the Washington Court of Appeals and on May 27, 2008, the Court of Appeals issued an opinion affirming plaintiff's conviction, but remanding the case to the trial court to strike one of the conditions of community custody imposed by the trial court which the Court of Appeals deemed improper.  (*See id*., Ex. I.).  The Court of Appeals issued its mandate terminating direct review on July 25, 2008.  (*See id*.)

In March 2013, plaintiff moved to lift the stay in this action.  (Dkt. 48.)  Defendants did not oppose the motion and, the stay was lifted in May 2013.  (Dkt. 53.)  Shortly after the stay was lifted, defendants file the motion for summary judgment which is now pending and ripe for review.  (Dkt. 55.)

## DISCUSSION

Plaintiff alleges in his civil rights complaint that defendant Stephanie Murray, a Corrections Program Specialist at the RJC, interfered with private phone calls between plaintiff and his attorney in his criminal case which was pending at the time plaintiff filed this action.  (Dkt. 6 at 3.)  Plaintiff further alleges that the King County Jail has a custom and policy of supervising all attorney calls for inmates on phone deadlock and that deadlock inmates therefore had no private call privileges with their attorneys.  (*Id*.)  Plaintiff asserts that defendants' violated his First Amendment right to freedom of speech, his Fourth Amendment right to privacy, his Sixth Amendment right to counsel, and his Fourteenth Amendment right to due process.  (*Id*.)

Defendants argue in their summary judgment motion that plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  Defendants also argue that plaintiff is collaterally stopped from litigating his constitutional claims in this action because his claims were resolved in his criminal proceedings.   This Court deems it necessary only to address the second of defendants' arguments.

### Summary Judgment Standard

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   Fed.R.Civ.P. 56(c).   The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).   In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case.  *See* Fed. R. Civ. P. 56(e).

### Collateral Estoppel

Defendants argue that plaintiff is precluded from litigating his constitutional claims in this § 1983 action because the claims were previously resolved in his state court criminal proceedings.   It is well settled that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  *Migra v. Warren City School Dist. Bd. Of Ed.*, 465 U.S. 75, 81.  *See*

*also*, *Allen v. McCurry*, 449 U.S. 90 (1980); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461 (1982); *Haring v. Prosise*, 462 U.S. 306 (1983)). In *Allen*, the Supreme Court specifically held that § 1983 does not open the way for a litigant to re-litigate an issue that was previously decided in a state criminal proceeding.

The evidence submitted by defendants in support of their motion for summary judgment makes clear that plaintiff litigated his Fourth, Sixth, and Fourteenth Amendment claims relating to the telephone procedures at the RJC and defendants' alleged interference with his right to counsel in the motion to dismiss he filed in his state court criminal proceedings.[1] (*See* Dkt. 56, Ex. E.) Plaintiff did not allege in his motion to dismiss any violation of his First Amendment rights but, as defendants correctly point out, plaintiff has failed to state any cognizable First Amendment claim in these proceedings and, in any event, the claim appears to be based upon the same factual allegations asserted and resolved in plaintiff's criminal proceedings. This Court therefore concludes that plaintiff is precluded from pursuing any of his constitutional claims in this civil rights action.

//
//
//
//
//
//

---

[1] The Court notes that plaintiff himself drafted the motion to dismiss in his state court proceedings and his attorney adopted the motion and presented it in conjunction with defendants' trial memorandum. (*See* Dkt. 56, Ex. E.)

REPORT AND RECOMMENDATION
PAGE - 6

## CONCLUSION

Based on the foregoing, this Court recommends that defendants' motion for summary judgment be granted and plaintiff's complaint and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 20th day of November, 2013.

Mary Alice Theiler
Chief United States Magistrate Judge